Cukia, per O’Neall, J.
In the act incorporating the village of Moultrieville, the power of making by-laws is conferred on the Town Council, “And the said. Town Council,” (in the language of the act,) “may affix fines for offences against their by-laws and appropriate the same to the public uses of the Island; but no fine shall exceed twenty pounds sterling for any one offence — which fines, where they exceed five pounds sterling, may be recovered in the Court of Common Pleas in Charleston, and where under the sum of five pounds, before the Intendant and Wardens, or any two of them.”
The ordinance under which the relator has been fined, is in the following words, “That from and after the passing of this ordinance, it shall not be lawful for any person, or persons, at any time to cut down and make use of the cedars, or other trees, on the east end of the island, known as the Myrtles, for posts, ship timber, or for any other purposes whatsoever, except for fascines to resist the encroachment of the sea. Any person, or persons, offending in the same, shall forfeit and pay for each and every offence, to the use of the corporation, the sum of f 5, to be recovered before the Intendant and Wardens, or any two of them.”
The relator, in one proceeding and by one judgment, has been convicted of forty different offences under this ordinance, and fined five dollars for each offence, making an aggregate of f200. The “each offence,” of which he has been convicted and for which he has been' fined, consists in each tree by him cut down. Looking to the ordinance, the offence we find is defined to be, “to cut down at any time and make use of the cedars on the east end of this island, known as the myrtles.” The specification of the relators of-fence, is that he “cut down” at various times a cedar tree, and did from time to time continue cutting down the same, until he. committed one hundred violations of the ordinance aforesaid, by cutting down one hundred trees. To say nothing about this specification, not setting out that the relator “made use of the cedars” by him *161 cut down, which would have been a fatal objection to an indictment. I am satisfied that this is really as charged, but a single of-fence. It is a trespass with a continuando, which is in law but one offence. For it may well be that every tree cut down by the relator, of which he stands convicted, were cut on one day. According to the ordinance, the cutting of more trees than one, at one time, would be but one offence. It seems to me, therefore, that the Town Council exceeded their powers, in convicting under this charge, for forty offences. Independent of this view it is plain that they had no power, by one judgment, to fine for more than £5. This is limited by the act of incorporation. Indeed, according to its words, “where the fines exceed £5, they are to be recovered in the Court of Common Pleas for Charleston. In this case, the fines imposed and about to be collected under the warrant of the Town Council, are far beyond the sum thus limited* It will not do to say they are for separate offences. They are iml posed at one sitting, and for offences anterior to it, and thus make an aggregate of fines incurred by the party beyond £5, and are, therefore, according to the charter, to be sued for and collected in another jurisdiction.
M’Crady, for the motion.
Wilson, contra.
The motion, therefore, to reverse the decision below and for the writ of prohibition, is granted.
Gantt, Evans and Butler, Justices, concurred. Richardson, J., absent from indisposition. Earle, J., absent.